NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4287

IN RE APPLICATION OF JONES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Jones,* Slip Opinion No. 2018-Ohio-4287.]**

*Attorneys—Character and fitness—Law school honor-code violation and lack of candor during bar-admissions process—Pending applications to take bar exam disapproved—Reapplication permitted for February 2021 or later bar exam.*

(No. 2018-0498—Submitted May 22, 2018—Decided October 24, 2018.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 686.

_____

**Per Curiam.**

{¶ 1} Applicant, Launica Elizabeth Jones, of Columbus, Ohio, is a 2017 graduate of the Capital University Law School. She applied to register as a candidate for admission to the practice of law in Ohio in November 2014, and she later submitted applications to register as a candidate for the February and July 2017 bar exams. Although the admissions committee of the Columbus Bar

Association ("CBA") approved Jones's character and fitness, the Board of Commissioners on Character and Fitness exercised its authority to investigate her applications sua sponte. *See* Gov.Bar R. I(10)(B)(2)(e).

**{¶ 2}** A panel of the board conducted a hearing on October 24, 2017, and found that Jones had violated the law school's honor code by cheating on a take-home exam and that she also engaged in a "pattern of deceit" throughout the school's investigation and ensuing character-and-fitness proceedings. The panel therefore recommended that we disapprove Jones's pending applications and that we permit her to reapply as a candidate for the February 2021 bar exam. The board adopted the panel's report and recommendation and no objections have been filed.

**{¶ 3}** We adopt the board's findings of fact and disapprove Jones's pending applications. We will permit her to reapply as a candidate for the February 2021 or a later bar exam.

### Findings and Recommendation of the Panel and Board

**{¶ 4}** Jones was enrolled in Capital's Summer Adoption Law Institute during 2016. The professor distributed a take-home exam on August 5th that was due on August 9th at 5:00 p.m. Although the exam was open book, its accompanying instructions stated that students were prohibited from "consult[ing] with any other individual" about the exam.

**{¶ 5}** Jones began working on the exam the morning it was due and exchanged text messages with another student in the course, LaKia Nikole Baldwin, as she worked. According to Jones, Baldwin asked her for information to answer one of the exam questions early in the day, and Jones provided it. Jones attempted to explain her conduct by claiming that the information she provided was in the course textbook—which Baldwin did not have. Then at approximately 4:30 p.m., Jones experienced computer problems and lost her exam answers. Jones testified that her computer "finally came back on" at about 4:40 p.m., and although she was able to quickly cobble together answers to 11 of the 14 essay questions, she did not

have time to answer the three remaining questions and asked Baldwin for help. After using information provided by Baldwin to answer the remaining questions, Jones submitted her exam moments before the 5:00 p.m. deadline. Based on similarities between three answers submitted by Jones and Baldwin—including identical typographical errors—the law school commenced an honor-code investigation.

{¶ 6} Jones denied her misconduct when first confronted by the law school and throughout the school's investigation. She appealed the decision of the honor-code committee (which found that she and Baldwin had in fact cheated on the exam) and refused during the bar-admissions process to acknowledge her guilt until her character-and-fitness hearing. While Jones disclosed the existence of the honor-code proceeding on both of her bar-exam applications and in her December 2016 interview with the CBA admissions committee, she continued to maintain that she had not cheated on the exam. Indeed, the board noted that Jones admitted her wrongdoing only after it was suggested, during a prehearing telephone conference, that the board takes matters involving continued dishonesty very seriously.

{¶ 7} Based on findings that Jones twice cheated on the take-home exam and engaged in a pattern of deceit that spanned the school's investigation and most of the bar-admissions process, the board found that Jones failed to carry her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to practice law in this state. The board therefore recommends that we disapprove Jones's pending applications and permit her to reapply as a candidate for the February 2021 bar exam.

## Disposition

{¶ 8} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others

with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 9} Here, the board's findings demonstrate that Jones not only committed an honor-code violation during her final year of law school but also made false and deceptive statements throughout the school's investigation and the initial phases of the admissions process. *See* Gov.Bar R. I(11)(D)(3)(d), (h), and (i). Given the recency of that conduct, we agree that Jones has failed to prove by clear and convincing evidence that she currently possesses the requisite character, fitness, and moral qualifications for admission to the bar.

{¶ 10} We disapprove Jones's pending applications and, in accord with the board's recommendation, we will permit her to reapply for the February 2021 or a later bar exam by filing new applications to register as a candidate for admission to the practice of law and to take the bar exam. Upon reapplication, she will be required to undergo a complete character-and-fitness investigation, including an investigation and report by the National Conference of Bar Examiners, and to demonstrate that she possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Launica Elizabeth Jones, pro se.

Omar Tarazi, for the Columbus Bar Association.

_____